UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JOHN SIMS,

        Petitioner,

v.

STATE OF MINNESOTA,

        Respondent.

Civil No. 10-3914 (JNE/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In 2001, a Minnesota state court jury found Petitioner guilty of first degree assault, second degree assault, and attempted second degree murder. He was sentenced to 240 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Faribault, Minnesota. (Petition, [Docket No. 1], p. 1, §§ 1-6.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

After Petitioner was convicted and sentenced, he filed a direct appeal, claiming that the trial court had made erroneous rulings on various evidentiary issues. The Minnesota Court of Appeals rejected Petitioner's claims on the merits, and affirmed his conviction and sentence. State v. Sims, No. C4-01-1926 (Minn.App. 2002), 2002 WL 1611467 (unpublished opinion), ["Sims I"]. Petitioner did not seek further review of that decision in the Minnesota Supreme Court.

In February 2007, Petitioner filed a post-conviction motion in the trial court. Sims v. State, No. A07-2053 (Minn.App. 2008), 2008 WL 4977379 (unpublished opinion), *1, rev. denied, Jan. 28, 2009, ["Sims II"]. The post-conviction motion raised several challenges to Petitioner's conviction, including prosecutorial misconduct, "judicial contempt," ineffective assistance of trial counsel, and ineffective assistance of appellate counsel. (Petition, p. 2, § 11(a)(3).) The trial court denied Petitioner's post-conviction motion, and Petitioner then filed a second appeal. The Minnesota Court of Appeals upheld the trial court's ruling on the post-conviction motion on November 25, 2008. Sims II, supra. Petitioner sought further review in the Minnesota Supreme Court, but his petition for further review was denied on January 28, 2009. (Id.)

Petitioner filed his current habeas corpus petition in federal court on September 13, 2010. The petition lists four claims for relief, which Petitioner has identified as follows:

(1) "Ineffective Assistance of Counsel;"

(2) "Prosecutorial Misconduct;"

(3) "Ineffective Assistance of Appellate Counsel;" and

(4) "Judicial contempt."

(Petition, pp. 4-5, § 12.)

2

The Court finds, however, that Petitioner's habeas corpus petition was not filed within the one-year statute of limitations period prescribed by federal law. Therefore, the merits of Petitioner's claims will not be addressed, and the Court will recommend that this action be summarily dismissed.

## II. DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which was enacted in 1996, effected several significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

3

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the State created any unconstitutional impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or any new evidence that could not have been discovered soon enough to file a timely petition.

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction and sentence were upheld by the Minnesota Court of Appeals in Sims I on July 23, 2002. Petitioner did not seek further review of that decision in the Minnesota Supreme Court, so the judgment of conviction became final, for purposes of § 2244(d)(1)(A) upon "the expiration of the time for seeking such review." The deadline for seeking further review in the Minnesota Supreme Court expired 30 days after the Court of Appeals upheld Petitioner's conviction. Minn. R. Crim. P. 29.04, subd. 2. Thus, the judgment of conviction became final on direct appeal in this case on August 22, 2002 – 30 days after the Minnesota Court of Appeals' decision in Sims I. The one-year federal habeas statute of limitations expired one year later on August 22, 2003.

The present federal habeas corpus action was not commenced until September 13, 2010 – more than seven years after the expiration of the statute of limitations deadline. Therefore, the present action is clearly time-barred.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the statute of limitations had already expired long before he filed his post-conviction motion in the trial court. The statute of limitations expired in August 2003, and Petitioner did not file his state post-conviction motion until February 2007 – more than three years after the federal habeas limitations period had expired. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). Thus, Petitioner's 2007 post-conviction motion could not have tolled the federal statute of limitations, because the limitations period had already expired long before that motion was filed. See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case, in August 2003, it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motion in February 2007.

Furthermore, even if the statute of limitations did not begin to run in this case until Petitioner's post-conviction proceedings were fully completed in January 2009, when the Minnesota Supreme Court denied Petitioner's application for further review in Sims II, this case still would be time-barred. If the statute had begun to run at that time, i.e., January 2009, then the one-year limitations period would have expired in January 2010. However, Petitioner did not file his current petition until September 2010. Thus, even if Petitioner's post-conviction proceedings did "reset the clock" and give him a brand new one-year limitations period, (notwithstanding the vast array of federal case law rejecting that proposition), the present petition still would be untimely.

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). See also Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable

6

tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added).  See also White v. Dingle, No. 09-1415, __ F.3d. __, __ (8th Cir. 2010), 2010 WL 3190678, *3 ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001).  Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.  Id.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling.  It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction."  321 F.3d at 772.  Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III. CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case on August 22, 2003. However, Petitioner did not file his current habeas petition until September 2010 – more than seven years after the statute of limitations deadline.

Petitioner's state post-conviction motion could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), if it had been filed before the federal limitations period expired. However, there was no effective § 2244(d)(2) tolling in this case, because Petitioner did not file his post-conviction motion in the trial court until February 2007, which was more than three years after the federal statute of limitations had already expired. Moreover, even if the post-conviction motion had "re-set the clock," giving Petitioner a fresh one-year limitation period when his post-conviction proceedings were completed, this action still would be time-barred, because Petitioner did not file his habeas petition, (or any other state or federal applications for relief), until more than a year after his post-conviction proceedings were fully completed. In addition, Petitioner has shown no viable grounds for equitable tolling. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be summarily dismissed with prejudice.

Having determined that this action must be summarily dismissed pursuant to the applicable one-year statute of limitations, the Court will further recommend that Petitioner's pending IFP application be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: September 20, 2010

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before October 4, 2010.